# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3919
_____

United States of America

*Plaintiff - Appellee*

v.

Clarence L. Woolsoncroft

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: June 22, 2022
Filed: June 27, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Clarence Woolsoncroft received a 120-month prison sentence after he pleaded guilty to being a felon and unlawful drug user in possession of firearms and ammunition. *See* 18 U.S.C. §§ 922(g)(1), 922(g)(3), 924(a)(2). In an *Anders* brief, counsel challenges the offense-level calculation. *See Anders v. California*, 386 U.S. 738 (1967). A pro se supplemental brief urges us to vacate on the ground that

Woolsoncroft believed his civil rights had been restored. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

We conclude that the district court[1] did not clearly err when it applied the challenged enhancements, *see United States v. Turner*, 781 F.3d 374, 393 (8th Cir. 2015), nor when it denied an acceptance-of-responsibility reduction, *see United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017). There is also no evidence that his past felony has been "expunged," or that his "civil rights" have been restored. *See* 18 U.S.C. § 921(a)(20)(B); *see also United States v. Crumble*, 965 F.3d 642, 645 (8th Cir. 2020).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.